IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DON NORTON, KAREN OTTERSON, and JESSICA ZENQUIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 15-3276 |
| v. | ) ) | |
| CITY OF SPRINGFIELD, | ) ) | |
| Defendant. | ) | |

OPINION

The Plaintiffs have filed a Complaint against Defendant City of Springfield, claiming that its most recent anti-panhandling ordinance is unconstitutional.  Pending before the Court are the Plaintiff's Motion for a Preliminary Injunction and the Defendant's Motion to Dismiss.

I. BACKGROUND

This is the second lawsuit currently pending concerning the City of Springfield's ("the Defendant" or "the City") anti-panhandling ordinance. The first lawsuit was filed against the City in 2013 by two of the above Plaintiffs, Don Norton and Karen Otterson, and bears Case Number 13-

CV-3316 (Norton I).  Plaintiff Jessica Zenquis is also a party to this lawsuit.

Regarding the first lawsuit, the United States Court of Appeals for the Seventh Circuit recently held that a Springfield ordinance which prohibited oral requests for money immediately was a form of content discrimination and thus subject to strict scrutiny based on the First Amendment.  See Norton v. City of Springfield, __ F.3d __, 2015 WL 7292776, at *1-2 (7th Cir. Aug. 7, 2015).  That court relied on the United States Supreme Court's holding in Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015), stating that "a speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter." Id. at 2230.  Such a law requires a compelling justification and the City acknowledged it could not meet that burden as to the previous ordinance.  See Norton, 2015 WL 7292776, at *2.

Following the Seventh Circuit's ruling in Norton I, the City adopted a new anti-panhandling ordinance.  This ordinance makes it unlawful for any individual to engage in "[p]anhandling while at any time before, during, or after the solicitation knowingly approaching within five feet of

the solicited person." See Springfield Muni. Code §§ 131..06(a)(2)(A), 131.06(d).  The ordinance defines "panhandling" as a "vocal appeal" for "an immediate donation of money or other gratuity." Id. § 131.06(a)(1). The Plaintiffs have challenged the ordinance.

The Complaint provides that Plaintiffs are residents of the City who regularly panhandle for money from pedestrians on the public sidewalks in Springfield to help support themselves.  They seek to continue to panhandle on the public sidewalks in Springfield in the future unless their financial circumstances change.  Accordingly, the Plaintiffs have requested the entry of an injunction consistent with the Seventh Circuit's ruling in Norton I.

The City claims that the ordinance does not violate the First Amendment and is a reasonable time, place and manner restriction that is content neutral, narrowly tailored and leaves open ample alternative means of communication.  For these reasons, the Defendant seeks the dismissal of the Complaint for failure to state a claim.

II. DISCUSSION

A. Legal standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although factual allegations at this stage are accepted as true, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012) (citing Iqbal, 556 U.S. at 678).

A plaintiff cannot survive a motion to dismiss by merely providing notice of a claim. See Adams v. City of Indianapolis, 742 F.3d 720, 728-29 (7th Cir. 2014). Because of the plausibility requirement, "the court must review the complaint to determine whether it contains 'enough fact to raise a reasonable expectation that discovery will reveal evidence' to support

liability for the wrongdoing alleged." Id. at 729 (quoting Twombly, 550 U.S. at 556).

### B. Analysis

The City first contends that the challenged language does not regulate speech because the Plaintiffs are free to deliver any message they desire in any location throughout the City. The ordinance regulates activity, not speech, by prohibiting individuals from knowingly approaching too close to their target while making their speech.

In Hill v. Colorado, 530 U.S. 703 (2000), the United States Supreme Court upheld a Colorado statute that regulated speech-related conduct in close proximity to a health care facility. See id. at 707. The statute made it unlawful to "knowingly approach" within eight feet of another person, without that person's consent, "for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person." Id. The Court noted this was not a regulation of speech but a regulation of places where some speech may occur. See id. at 719. Additionally, the ordinance at issue in Hill was

determined to be a content-neutral regulation.[1]

Unlike the Colorado ordinance, this ordinance appears to be content-based. As noted above, the Seventh Circuit held in Norton I that the earlier anti-panhandling ordinance applied to particular speech "because of the topic discussed," and thus was content-based and subject to strict scrutiny. See Norton I, 2015 WL 7292776, at *1. Although the language of the current ordinance has been modified, it still addresses the content of the Plaintiffs' speech. The Plaintiffs can ask for the time, talk about the weather, ask someone to sign a petition, or even solicit support (either non-monetary support or for a future contribution) for causes or organizations while approaching within five feet of the person being addressed. However, the Plaintiffs are not permitted to ask pedestrians for "an immediate donation of money or other gratuity" while "knowingly approaching within five feet" of the individual. The ordinance subjects the Plaintiffs to criminal penalties for asking for immediate donations of money in those

---

[1] The Supreme Court noted that any argument by the petitioners that the ordinance was content-based had likely been waived. See Hill, 530 U.S. at 720.

circumstances. Accordingly, the Court must conclude at this stage at least that it is a content-based restriction.

As the Plaintiffs note, moreover, the Colorado ordinance prohibited speakers from approaching "unwilling listeners," not everyone. See Hill, 530 U.S. at 707-08. It did not "place any restriction on the content of any message that anyone may wish to communicate to anyone else, either inside or outside the regulated areas." Id. at 708. That distinguishes the Colorado ordinance from the Springfield ordinance, which allows solicitations within five feet of others unless the speaker is making a vocal appeal for an immediate donation. Because the Springfield ordinance prohibits this type of speech in the designated area while allowing other types, the Court must conclude it is content-based.

Given the legal standard on a motion to dismiss, the Court concludes that the City is unable to meet its burden at strict scrutiny. The City has not shown that the anti-panhandling ordinance "furthers a compelling interest and is narrowly tailored to achieve that interest." See Federal Election Com'n v. Wisconsin Right to Life, 551 U.S. 449, 464 (2007)

(noting the government's burden at strict scrutiny).

<u>Ergo</u>, the Motion of Defendant City of Springfield to Dismiss the Plaintiffs' Complaint [d/e 10] is DENIED.

A hearing on the Plaintiffs' Motion for a Preliminary Injunction [d/e 7] is hereby set for December 16, 2015 at 1:30 p.m.

ENTER: December 4, 2015

        FOR THE COURT:

                              /s/Richard Mills
                              Richard Mills
                              United States District Judge