IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DON NORTON, KAREN OTTERSON and JESSICA ZENQUIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-3276 |
| CITY OF SPRINGFIELD, | ) ) | |
| Defendant. | ) ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending are cross-motions for summary judgment.

The Court first considers the City's motion for summary judgment.

The Plaintiffs filed this action seeking to have an amendment to Defendant

City of Springfield's Code of Ordinances declared unconstitutional.  In their

Complaint, the Plaintiffs alleged that a specific addition to the definition of

"aggressive panhandling" in the City's ordinance regulating panhandling violated

the Plaintiffs' constitutional rights under the First Amendment's guarantee of free

speech.

The Plaintiffs filed this lawsuit to challenge an amendment to §

131.06(a)(2)(a) of the Springfield Municipal Code, which makes it unlawful for

any individual to "Panhandle[] while at any time before, during, or after the solicitation knowingly approaching within five feet of the solicited person . . ."

At no time since its passage did the City of Springfield enforce the challenged amendment to the Ordinance. On February 23, 2017, the Mayor of the City of Springfield signed Ordinance # 081-02-17, which repealed § 131.06 of the Code of Ordinances in its entirety. In support of its motion, the City has submitted a certified copy of the City's Ordinance #081-02-17 repealing §131.06.

In support of its motion, the City states that Plaintiffs' lawsuit attempts to declare unconstitutional an ordinance that no longer exists as a law. Therefore, the City claims the lawsuit no longer presents a case or controversy under Article III, § 2, of the Constitution and it, therefore, should be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The Court notes that, in addition to the request for preliminary and permanent injunctive relief, the Plaintiffs' Complaint sought an award of nominal damages for an alleged violation of their First Amendment rights. Moreover, "[c]ourts routinely entertain suits for damages stemming from repealed laws." *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 804 (7th Cir. 2016). Additionally, "nominal damages are appropriate when a plaintiff's rights are violated but there is no monetary injury." *Id*. at 805. "When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a

predicate to a damages award can survive." *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004).

Based on the foregoing, the Court concludes there is at least a factual dispute regarding whether the lawsuit continues to present a case or controversy under Article III of the Constitution. Accordingly, the motion for summary judgment on mootness grounds will be denied.

Ergo, the Defendant's Motion for Summary Judgment [d/e 24] is DENIED.

The Plaintiffs' Motion for Summary Judgment remains under advisement.

ENTER: April 3, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge