IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DON NORTON, KAREN OTTERSON and JESSICA ZENQUIS,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CITY OF SPRINGFIELD,  )<br>)<br>Defendant.  ) | Case No. 15-3276 |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion entered on August 17, 2018, the Court allowed the Plaintiffs' motion for summary judgment on Plaintiffs' claim that § 131.06(a)(2)(a) of the Springfield Municipal Code's prohibition on "panhandling while at any time before, during, or after the solicitation knowingly approaching within five feet of the solicited person" violates the First Amendment.

Pending is the Plaintiffs' Petition for Attorney's Fees.

Based on the Court's conclusion that Plaintiffs were entitled to "a declaration that § 131.06(a)(2)(a) violates their First Amendment right and an award of nominal damages for the violation," the Plaintiffs have obtained all of the relief they sought and now request an award of reasonable attorney's fees and costs under the Civil

1

Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. Under § 1988, the Plaintiffs are entitled to "reasonable" attorney's fees as the "prevailing party" in a § 1983 action.

I.

In determining an award of attorney's fees, courts typically employ the "lodestar method," which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "Although the lodestar yields a presumptively reasonable fee, the court may nevertheless adjust the fee based on factors not included in the computation." *Id*. (internal citation omitted).

The Seventh Circuit noted that "[a] reasonable hourly rate is based on the local market rate for the attorney's services." *Id*. The best indicator of the market rate is the amount actually billed by the attorney for similar work. *See id*. If that rate cannot be determined, a court may consider "evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Id*. The prevailing party has the burden of establishing the market rate for the work; if the attorneys fail to meet that burden, the district court can independently determine the appropriate rate. *See id*.

Attorney Mark Weinberg has billed 58.2 hours at a $450.00 hourly rate for a total of $26,190.00. Attorney Adele Nicholas has billed 76.0 hours at a $375.00

hourly rate for a total of $28,500.00. Mr. Weinberg and Ms. Nicholas work at Chicago law offices. The total amount billed by the attorneys is $54,690.00.

"The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). Congress sought to ensure that "competent counsel was available to civil rights plaintiffs." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). The United States Supreme Court has explained that a "reasonable attorney's fee" under § 1988 "contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Id*.

The Plaintiffs' motion is supported by declarations from the attorneys. Based on those declarations, the Plaintiffs allege the hourly rates sought for each of their attorneys are reasonable and fair given their experience, the rates charged to paying clients in similar cases and rates awarded to civil rights attorneys with comparable experience. These are relevant considerations in determining an appropriate fee. *See Gautreaux v. Chicago Housing Auth.*, 491 F.3d 649, 659 (7th Cir. 2007).

The City contends that rates requested by the Plaintiffs' attorneys are substantially excessive for attorneys typically appearing before federal courts in the Central District of Illinois. In support of that assertion, the City refers to the affidavit

of attorney Carl Draper,[1] a well-respected member of the bar of this Court, who opines that the reasonable hourly fee for an experienced civil rights litigation attorney in this federal district ranges from $300-350 per hour. A reasonable rate for a less experienced associate ranges from $200-250 per hour.

The City asks the Court, if it does award fees, to reduce the Plaintiffs' attorneys' claimed fees to $300 per hour for Mr. Weinberg (an award of ($17,460 total) and $250 per hour for Ms. Nicholas (an award of $19,000 total).

The Seventh Circuit has stated "just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." *Mathur v. Board of Trustees of Southern Illinois University*, 317 F.3d 738, 743 (7th Cir. 2003). "[I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount, though if local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service." *Id*. at 744 (internal quotation marks omitted); *see also Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 490 (7th Cir. 2009) ("[O]ur cases have consistently recognized that an

---

[1] Mr. Draper's affidavit is attached as Exhibit B to the City's response to the motion for summary judgment in *Norton v. City of Springfield*, Case No. 3:13-cv-3316-RM-TSH, Doc. No. 52-2.

attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation."). Although the plaintiff in *Mathur* was from southern Illinois, the court stated it was reasonable for him to search for an attorney in Chicago when his efforts in southern Illinois were unsuccessful. *See id*. Additionally, it concluded the district court abused its discretion in simply stating "that the lower rate was appropriate because of the prevailing local rates in southern Illinois, without regard to the quality of service rendered by the appellants." *Id*.

The Supreme Court has held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440. If a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*. at 435. The City has not made any specific objections to the amount of time that Plaintiffs' counsel invested in this case.

The Court earlier noted that the Plaintiffs' attorneys had provided evidence relating to the reasonableness of their rates. This included (1) evidence of hourly rates charged to paying clients in civil rights cases; (2) affidavits noting their relevant experience and skill with matters concerning the First Amendment rights of indigent people; (3) citations to cases in which rates similar to those sought here were awarded to attorneys of similar skill, experience and reputation in civil rights cases;

and (4) the affidavit of an experienced civil rights attorney familiar with the work performed by counsel and the rates charged by other civil rights attorneys for similar work.

Mr. Weinberg and Ms. Nicholas have extensive experience representing indigent plaintiffs in cases implicating the First Amendment. Certainly, the Plaintiffs benefitted by hiring attorneys who are First Amendment and appellate specialists. The law concerning what constituted an unlawful content-based regulation was somewhat muddled and there was a risk that Plaintiffs would not prevail.

## II.

The Court declines to reduce the attorney's fees award to the extent requested by the City. The Court has reviewed the affidavits of counsel as well as their time sheets. The City does not dispute the reasonableness of the time the Plaintiffs' counsel spent on the case. The Plaintiffs have met their burden of substantiating the reasonableness of Plaintiffs' counsel's hourly rates. This was a complex case implicating important constitutional rights. Certainly, the Court does not want to discourage able counsel such as the Plaintiffs' attorneys here from representing plaintiffs when significant rights are at stake. The Court benefits just as a party does when the case is litigated by skilled attorneys. Accordingly, it is important that

6

Plaintiffs' attorneys are compensated fairly for extensive work performed over the course of three years.

As this Court held in *Norton v. City of Springfield*, 3:13-cv-3316-RM-TSH, (*Norton I*), at Doc. No. 55, the only basis why a lower rate should be awarded in this case is to account for the probability that a Springfield or Central Illinois attorney would have taken the case and prevailed. The Court believes that a 20% reduction is appropriate based on the likelihood–uncertain though it is--that a local civil rights attorney would have taken the case and achieved an equally favorable result for the Plaintiffs.

Consistent with its prior holding in *Norton I* and for the additional reasons stated in that Opinion, the Court will reduce each attorney's fees and claimed amount by 20%. Mr. Weinberg's rate of $450.00 per hour will be reduced to $360.00 per hour. For 58.2 hours billed, Mr. Weinberg is entitled to an attorney's fee award of $20,952.00.

Ms. Nicholas's rate of $375.00 per hour will be reduced to $300.00 per hour. For 76 hours billed, Ms. Nicholas is entitled to an attorney's fee award of $22,800.00.

The total amount of attorney's fees to be awarded is $43,752.00.

III.

Given their status as a prevailing party in a civil rights case, the Plaintiffs are entitled to recover litigation expenses incurred in prosecuting the case pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988. *See Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994). ("[E]xpenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in hourly billing rates . . . are part of the reasonable attorney's fee allowed by the Civil Rights Attorney Fees Awards Act.").

The Plaintiffs have provided proof of costs incurred of $697.30 (comprising $297.30 for a deposition and the $400.00 United States District Court filing fee). The Court will award costs in that amount.

Ergo, the Plaintiffs' Petition for Attorney's Fees [d/e 39] is ALLOWED in part, as provided in this Order.

The amount of attorney's fees for each attorney shall be reduced by 20% from the amount the attorney has claimed.

The Plaintiffs are hereby awarded attorney's fees in the amount of $43,752.00, as follows:

Attorney Mark G. Weinberg is awarded $20,952.00;

Attorney Adele Nicholas is awarded $22,800.00.

The Plaintiffs are awarded costs of $697.30

The Clerk will enter Judgment and terminate this case.

ENTER: December 14, 2018

FOR THE COURT:

*Richard Mills*
Richard Mills
United States District Judge